# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3533 | **DATE** | 5/21/13 |
| **CASE TITLE** | Darnell Duett (#2012-0427221) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $6.20 from plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint. Plaintiff is granted 30 days to submit an amended complaint (plus a judge's copy and service copies). Failure to comply with this order will result in summary dismissal of this case. The Clerk shall provide plaintiff with an amended complaint form.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff Darnel Duett, presently a pre-trial detainee at the Cook County Jail, has brought this *pro se* 42 U.S.C. § 1983 civil rights action against Cook County Sheriff Tom Dart and Jail Superintendents Moreci and V. Thomas. Plaintiff alleges that, on March 13, 2013, he was in one of the jail's shower areas. A light fixture fell on him, cutting and injuring his back. While he was getting medical attention from a nurse, Superintendent Thomas allegedly stated that Plaintiff did not need to see a doctor. Plaintiff states that a metal piece had been removed from the light and jail officers and emergency response team members searched Plaintiff's area of the jail for the piece. Plaintiff states that, though he was simply a victim of the light falling on him and knew nothing about who removed the piece, Superintendent Thomas directed that Plaintiff be placed in "special incarceration."

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $6.20. The trust fund officer at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

    Although Plaintiff may proceed *in forma pauperis*, he must submit an amended complaint to proceed with this case. The current complaint gives insufficient notice of his claims as required by Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires that a complaint provide each defendant with fair notice of "what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). The claim must be "plausible" such that there must be "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Id.* at 556.

## STATEMENT

With respect to Sheriff Tom Dart and Superintendent Moreci, Plaintiff does not state how, if at all, they were involved. No claims are stated against these defendants.

As to Superintendent Thomas, Plaintiff asserts that Thomas told the nurse that Plaintiff did not need to see a doctor and that Thomas directed that Plaintiff be placed in "special incarceration." Although the complaint provides factual details, it is unclear what claims Plaintiff seeks to bring. If he seeks to bring a claim that Thomas acted with deliberate indifference to Plaintiff's injuries, he must state facts indicating (1) that he had an objectively serious medical condition; and (2) that the defendant acted with deliberate indifference to the condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). It is not clear if Plaintiff's back injury, to which a nurse had already tended, amounts to a serious medical condition. More important, however, Plaintiff asserts simply that Thomas commented that Plaintiff needed no doctor, but does not state that Thomas prevented him from obtaining medical care. Sometimes, "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citation omitted).

With respect to being placed in "special incarceration," it is unclear if Plaintiff seeks to assert that procedural due process rights were violated. Procedural due process rights exist only for the loss of a constitutional liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Disciplinary or investigatory segregation (if that is what Plaintiff means by "special incarceration") does not usually involve a constitutional liberty interest given that its conditions do not "exceed similar, but totally discretionary, confinement in either duration or degree of restriction." *Id.* at 486-87. Only if the segregation confinement can be considered an "atypical, significant deprivation" will due process be required with its imposition. *Id.* at 486; *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). The conditions in segregation confinement thus must be unusually long or involve extremely harsh conditions to give rise to constitutional due process concerns. *Marion*, 559 F.3d at 697-98. Plaintiff's allegation that he was placed in "special incarceration," like his allegation of Thomas' comment of no need for a doctor, is too sketchy to provide sufficient notice of the claim he seeks to bring. *Brooks*, 578 F.3d at 581.

Accordingly, the complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to submit an amended complaint on the court's form that provides sufficient notice of his claims in accordance with Rule 8(a)(2) and that states how each defendant was involved. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.

An amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations plaintiff wishes the court to address must be set forth in the amended complaint, without reference to the original complaint. Any exhibits that plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The clerk will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If plaintiff fails to comply within 30 days, the case will be summarily dismissed in its entirety.